IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RACQUEL LEWIS,

        Plaintiff,

v.

DEPARTMENT OF DEFENSE,

        Defendant.

Civ. No. 23-475-RGA

## ORDER

AND NOW, this 21st day of December, 2023, the Court having considered Plaintiff's motion to remove and seal claims (D.I. 10), construed in part as a motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41;

IT IS HEREBY ORDERED that:

1. To the extent the motion seeks to voluntarily dismiss the case, the motion (D.I. 10) is **GRANTED** and the Clerk of Court is directed to mark the case **CLOSED**.

2. Plaintiff's pending motion to amend the complaint (D.I. 7) is **DISMISSED as moot**.

3. Plaintiff's pending motions to seal (D.I. 1, 6) and her request to seal in the present motion (D.I. 10) are **DENIED**.[1]

                                                      /s/ Richard G. Andrews
                                                      UNITED STATES DISTRICT JUDGE

---

[1] There is a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citation omitted). Plaintiff has not met the "heavy burden" of showing that "disclosure will work a clearly defined and serious injury" to her, *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984), or that closure is "essential to preserve higher values and is narrowly tailored to serve that interest," *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982).